JORDAN THOMAS *v.* S. S. ROWLETT, ET AL.

**Married Women—Separate Estate in Lands.**
A conveyance to a married woman, her heirs and assigns forever, free from the use and control of her said husband, where the warranty is in the same words, is sufficient to create a separate estate.

**Estoppel.**
The statute does not permit a married woman to sell or incumber her separate estate, nor can she estop herself of the right to claim it, by such representations as would estop other persons free from statutory disability.

APPEAL FROM OWEN CIRCUIT COURT.

January 13, 1876.

OPINION BY JUDGE LINDSAY:

The conveyance from Jones is to America Rowlett, her heirs and assigns forever, free from the use and control of her said husband, and the warranty is in the same words. The language is such as to create a separate estate. The mortgage to the appellant does not, therefore, bind Mrs. Rowlett.

The first amended petition offered, at most only sets out a state of facts, which tended to estop Mrs. Rowlett to claim the land as separate estate. But as a feme covert, under the provisions of the Revised Statutes, could not sell or encumber her separate estate, neither could she divest herself of the right to claim it by such acts or representations as would, in cases of persons free from the statutory disability, create an estoppel in pais. The court, therefore, did not err in refusing to allow this amended answer to be filed. The second amended answer was not offered until the cause was ready for hearing, and no explanation was offered for the delay. We cannot say that the court abused a sound discretion in refusing at the time to allow it to be filed.

As Mrs. Rowlett and her husband and Bourne are the only parties made appellees, we need not inquire as to the propriety of the action of the court, as to co-sureties of appellant.

No attack was made upon the conveyance to Bourne.

The judgment must be *affirmed*.

*J. D. Lillard, for appellant. E. E. Settle, for appellees.*